## Case No. 16,128.

### UNITED STATES v. REAGAN.

[15 Int. Rev. Rec. 8.]

District Court, D. Massachusetts. 1872.

INTERNAL REVENUE LAWS — LIQUOR DEALERS — KEEPING BOOKS.

1. A retail dealer in liquors who also purchases and sells malt liquors in quantities of more than five gallons at the same time is not required to keep the book provided for in Act July 20, 1868, c. 186, § 45 (15 Stat. 143).

2. The book is to be kept only by wholesale dealers in domestic spirits, and a person does not become such a dealer by taking out a wholesale license for selling ale, though he also sells domestic spirits at retail.

[This was an action at law against Robert Reagan to recover the penalty of $100, for alleged failure to keep the book required, in the case of a wholesale liquor dealer, by the internal revenue laws.]

E. P. Nettleton, Asst. U. S. Dist. Atty.

H. D. Hyde, for defendant.

LOWELL, District Judge. By section 1 of the act of April 10, 1869, c. 18 (16 Stat. 42), "every person who sells or offers for sale foreign or domestic distilled spirits, wine or malt liquors, in quantities of not less than five gallons at the same time, shall be regarded as a wholesale liquor dealer." By section 45 of the act of July 20, 1868 (15 Stat. 143), every wholesale liquor dealer must keep a book in a form to be prescribed by the commissioner of internal revenue, and make entry therein of all spirits received and sent out by him, with dates, names of buyers and sellers, gauge, proof, and many other particulars. This action is brought to recover the penalty of one hundred dollars for a neglect to keep the book; and it is agreed that the defendant had a wholesale dealer's license, but sold only ale in the quantity of five gallons or more, and sold domestic spirits by retail. The character of the required entries makes it plain that only wholesale dealers in domestic spirits are referred to in this section, and not those who buy and sell only ale, wine, and foreign spirits, nor those who deal by retail even in domestic spirits.

This defendant is not a dealer in domestic spirits by wholesale, and is, therefore, not within the section. It being admitted as it must be and always has been, that neither a wholesale dealer in ale nor a retail dealer in spirits is bound to keep the book, this case is ended, because there is nothing in the statute to impose any greater obligation in this respect on a person who carries on both trades than on two persons each of whom carries on one of them. This suit was brought to test the question, because some officers believed that the law was otherwise. But there is no ground for this opinion. The statute refers only to wholesale dealers in domestic spirits and to the entries of their business as such. The defendant is called a wholesale dealer, but the fact is that he deals by wholesale in malt liquors only. One suggestion is that he might enter his purchases as if he were a wholesale dealer, and then discharge himself by entering the same spirits as sold to himself. No doubt he might do so, but the law does not require it. He does not buy of himself, nor buy in one capacity and sell in another, nor become a wholesale dealer within section 45, by dealing largely in ale. The suggestion amounts to this—that he ought to keep half a book, though it is plain that he cannot keep a whole one, because all the sales of a retail dealer cannot possibly be entered on the book, and are not expected to be entered. There is no warrant of law for the suggestion. The simple fact is that for the purposes of assessment for special taxes, all persons are called wholesale dealers who sell either of several different articles in quantities of five gallons or more, but it is only those who deal in that way in spirits who are to keep the book; it is a mere verbal juggle to confound the two. The argument is, that because they are all called wholesale dealers in section 1 of the act of 1869, they must all be within section 45 of the act of 1868, though the terms of that section show with entire clearness that the definition is different.

It is said that the defendant has a right, under his license, to sell spirits as well as ale by wholesale. This is true, but until he does so he is not bound to the obligations of that situation. Judgment for the defendant.